AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Middle District of Alabama

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Samsung cell phone with i.d. numbers, model number SM-B311V UD, SKU number SMB311VZPP, FCC ID: A3LSMB311V, MEID HEX: A0000048FED746 (Att. A) | ) ) ) ) ) ) Case No. 3:18mj106-GMB |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
Samsung cell phone with i.d. numbers, model number SM-B311V UD, SKU number SMB311VZPP, FCC ID: A3LSMB311V, MEID HEX: A0000048FED746 (Att. A)

located in the ___Middle___ District of ___Alabama___, there is now concealed *(identify the person or describe the property to be seized):*
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a)(1) & 843(b) | Controlled Substances Act and conspiracy |

The application is based on these facts:
See attached Affidavit incorporated herein by reference and made part of this application.

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*J. D. T.*
Applicant's signature

J. D. Tynan, Postal Inspector
Printed name and title

Sworn to before me and signed in my presence.

Date: Apr 24, 2018

City and state: Montgomery, AL

*[signature]*
Judge's signature

Gray M. Borden, U.S. Magistrate Judge
Printed name and title

## ATTACHMENT A

### DESCRIPTION OF LOCATION TO BE SEARCHED

The property to be searched is;

> Samsung cell phone, labeled with identification numbers, model number SM-B311V UD, SKU number SMB311VZPP, FCC ID: A3LSMB311V, MEID HEX: A0000048FED746,

hereinafter referred to as the "Device." The Device is currently located at the United States Postal Inspection Service, 135 Catoma Street, Montgomery, Alabama 36104.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

### DESCRIPTION OF ITEMS TO BE SEIZED

1. All records on the Device described in Attachment A that relate to violations of 21 U.S.C. § 841(a) and involve Nkosi Albertie-Chamberlain, William Taylor Copeland, and William Parker Cheatham: All stored electronic and wire communications and information in memory on the mobile device, including email, instant messaging, text messages, or other communications, contact lists, images, videos, travel records, information related to the trafficking of narcotics and any other content or records on the phone.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF<br><br>Samsung cell phone with i.d. numbers, model number SM-B311V UD, SKU number SMB311VZPP, FCC ID: A3LSMB311V, MEID HEX: A0000048FED746<br><br>CURRENTLY LOCATED AT THE UNITED STATES POSTAL INSPECTION SERVICE, 135 CATOMA STREET, MONTGOMERY, ALABAMA 36104 | Case No. 3:18mj 106-GMB |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, James D. Tynan, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I have been a United States Postal Inspector for approximately 16 years. I am currently assigned to the U.S. Postal Inspection Service Office in Montgomery, Alabama. I investigate incidents where the United States Mail is used for the purpose of transporting non-mailable matter, including controlled substances such as marijuana, cocaine, heroin, and steroids in violation of Title 21, United States Code, Sections 841(a)(1) and 843(b), and substances

mailed in violation of Title 18, United States Code, Section 1716. During my law enforcement career, I have attended narcotics training classes and participated in multiple drug seizures where I have become familiar with the odor of marijuana. I have participated in search warrants and arrests where various illegal drugs have been recovered and documented. The following information has been obtained by me personally or has been provided to me by other law enforcement officers and postal employees.

3.   This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4.   The property to be searched is:

Samsung cell phone, labeled with identification numbers, model number SM-B311V UD, SKU number SMB311VZPP, FCC ID: A3LSMB311V, MEID HEX: A0000048FED746,

hereinafter the "Device." The Device is currently located at the United States Postal Inspection Service, 135 Catoma St., Montgomery, AL 36104.

5.   The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

### PROBABLE CAUSE

On June 1, 2016, Inspector Charlie Tutor conducted a routine inspection of incoming Express Mail at the Montgomery, Alabama Processing and Distribution Center. Inspector Tutor detained Express Mail parcel EL170694580US for further inspection. The parcel was mailed on May 31, 2016, from Colorado Springs, CO. It was addressed to William Copeland, 102 Griffin Street, Troy, AL 36081, and had a return address of Christine Warren, 7423 Willow Pines Place,

Fountain, CO 80817. Inspector Tutor conducted a computerized address check via CLEAR (internet based records search databases) and the surname of Warren was not associated with 7423 Willow Pines Place, Fountain, CO 80817. The surname Copeland did not show any association with 102 Griffin Street, Troy, AL 36081. Based on my training and experience, persons involved in the distribution of controlled substances via the U.S. Mail will use fictitious address information or address packages to vacant residences, as well as send packages with a waiver of signature request, or use partial names in an attempt to disassociate themselves from the controlled substances.

6. On June 1, 2016, trained narcotics dog handler Lt. Richard Talley, Alabama Department of Corrections, and his narcotics detector dog "Ace" conducted an exterior inspection of the parcel, Express Mail package bearing label EL170694580US. "Ace" is a male Belgian Malinois approximately four years old and has been working as a K9 narcotics detector dog since 2014. The handler advised that "Ace" participates in minimum of 32 hours of in-service training per month as well as routine usage. Per his handler, "Ace" was certified through Alabama Canine Law Enforcement Officers Training Center. "Ace" is certified to detect cocaine, marijuana, heroin, methamphetamine, crack and MDMA. K-9 Lt. R. Talley has been a canine narcotic handler with Alabama Department of Corrections for approximately 6 years. Lt. Talley has worked "Ace" for approximately two years and he has confirmed the K-9's credibility and reliability. "Ace" has successfully alerted hundreds of times during training and real life situations. "Ace" is used approximately 5 days a week to do drug sniffs for Alabama Department of Corrections and other outside agencies.

"Ace" alerted, indicating the suspect parcel contained the scent of a controlled substance(s). A federal search warrant was obtained for the parcel and it was found to contain approximately three and a half pounds of suspected marijuana, along with a small amount of "THC butter." "THC butter" is made up of butter or margarine that has been melted and boiled at low temps with cannabis leaves or buds, dried or fresh marijuana leaves or buds can be used to make "THC butter." "THC butter" is boiled at low temperatures so the THC, CBD and other cannabinoids are not denatured. The boiling of cannabis in fats, such as oil or butter, allows the THC and CBD to dissolve into the fat and create "THC butter."

7. On June 2, 2016, Inspector Tutor along with agents with the Alabama Law Enforcement Agency (ALEA), Troy Police Department, Coffee County Sheriff's Office, Enterprise Police Department conducted a controlled delivery of the parcel at 102 Griffin Street, Troy, AL 36081. Prior to the delivery we learned through an additional law enforcement database that a subject by the name of William Copeland did live at 102 Griffin Street, Troy, AL 36081. A photograph of Copeland was obtained prior to the delivery. A subject, who Inspector Tutor recognized as Copeland, accepted the parcel. An anticipatory search warrant was obtained by ALEA Agent B. Watson. Entry was made into the home by the agents and the parcel was recovered.

8. The rear bedroom contained a small amount of marijuana, a pill press, three bags of an unidentified powder originating from China, three boxes with Express mail labels, several plastic bags containing marijuana residue, an AR15 assault rifle, and ammunition. The three boxes with Express mail labels were mailed from the same area as the suspect parcel and appeared to have contained marijuana. Two cell phones and a flash drive were found in the

room. Flash drives are commonly used to store information about narcotics purchases and sales along with financial information.

9. Copeland was interviewed and identified the bedroom as Albertie-Chamberlain's. He stated all the drug parcels were ordered by Albertie-Chamberlain off of the "dark web." The "dark web" is defined as a collection of thousands of websites that use anonymity tools like Tor and I2P to hide their IP address. The "dark web" protects users from surveillance and censorship. Copeland claimed Albertie-Chamberlain pays the rent for the home and Copeland sells narcotics for him. Copeland stated Albertie-Chamberlain has drug houses in Pensacola, Florida and Orlando, Florida. He said Albertie-Chamberlain travels between the locations. While searching the back of Albertie-Chamberlain's vehicle we found a suitcase in the trunk which contained a luggage tag from the Orlando airport. Copeland consented to a search of his cell phone and Copeland's cell phone contained evidence of his involvement in the drug sales.

10. William Parker Cheatham III was present at the home during the search warrant and claimed a backpack that was found during the search warrant. This backpack contained narcotics and baggies which are commonly used to package narcotics for sale. Text messages also appeared on Cheatham's cell phone, in plain view, inquiring about the purchase of cocaine. Cheatham's cell phone was seized.

11. The Device, which was originally recovered from the pocket of William Taylor Copeland, is currently in the lawful possession of the United States Postal Inspection Service located at 135 Catoma Street, Montgomery, AL 36104. It came into the United States Postal Inspection Service's possession in the following way: The Device was seized pursuant to the search warrant at 102 Griffin Street, Troy, AL 36081.

12. The Device is currently being held in evidence at the United States Postal Inspection Service, 135 Catoma Street, Montgomery, AL 36104. The device has already been searched via search warrant issued by U.S. Magistrate Judge Terry F. Moorer under case 2:16mj99-TFM. I have personally reviewed some of the data on Cheatham and Copeland's phones and it is clear that drug trafficking was being conducted by Cheatham and Copeland.

13. On January 31, 2018, I obtained a search warrant under case 2:18mj41-WC. The search warrant was executed on the device. The analyst from the Central Alabama Drug Task Force who utilized the Cell Brite machine realized the equipment was not properly working. As a result of the Cell Brite machine not properly working, the extraction was conducted but the information from the device was not properly extracted. On March 28, 2018, I spoke with the analyst who stated the problem has since been fixed and she ultimately got a new machine from the company. The purpose of this new request is to have the data extracted through a different format so that I may more easily search the data from the cell phone.

## TECHNICAL TERMS

14. Based on my training and experience, I use the term "wireless telephone" to convey the following meaning: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and

e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

15. Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, and GPS navigation device. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

16. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

17. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

18. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

19. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

20. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

_____
J. D. Tynan
United States Postal Inspector

Subscribed and sworn to before me on
this 24th day of April, 2018.

_____
Gray M. Borden
United States Magistrate Judge
Montgomery, Alabama